**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1430
_____

UNITED STATES OF AMERICA

v.

DARRELL HALL,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:21-cr-00421-001)
District Judge: Honorable Zahid N. Quraishi

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 19, 2024

Before: JORDAN, BIBAS, and AMBRO, *Circuit Judges*

(Filed: February 9, 2024)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Darrell Hall has a long criminal record, including two convictions for aggravated assault, five for drugs, and two for possessing weapons. Early one morning, he went into the

---

*  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

house where his girlfriend was staying, demanded to see her alleged boyfriend, and waved a gun around, threatening her aunt and cousin. A couple of hours later, police caught him with a semiautomatic handgun loaded with seven bullets, plus another bullet in his pocket. He pleaded guilty to possessing ammunition after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the District Court started with a base offense level of 24 because Hall had two prior drug convictions. U.S.S.G. § 2K2.1(a)(2). Then it added four levels for using the handgun in connection with another felony and subtracted three for acceptance of responsibility. *Id.* §§ 2K2.1(b)(6)(B), 3E1.1. His final offense level (25) and criminal history category (VI) yielded a Guidelines range of 110 to 137 months' imprisonment, capped by the ten-year statutory maximum. After weighing the statutory sentencing factors, the court sentenced him to ten years. *See* 18 U.S.C. §§ 922(g)(1), 3553(a).

Hall now appeals. We review the District Court's findings of fact for clear error, its reading of the law and Guidelines de novo, and the substantive reasonableness of its sentence for abuse of discretion. *United States v. Kluger*, 722 F.3d 549, 555 (3d Cir. 2013). And because Hall did not raise his Second Amendment and procedural-error claims below, we review those for plain error. *United States v. Olano*, 507 U.S. 725, 732–36 (1993). But we see no error, much less a plain one.

First, as Hall admits, our precedent forecloses his challenge to his base offense level. *See United States v. Lewis*, 58 F.4th 764, 773 (3d Cir. 2023).

Second, Hall argues that there was no proof that the gun and ammunition that police found on him were connected to his aggravated assault 2½ hours earlier. But the judge

2

found that he had brandished the same gun at the victim. And there was no reason to doubt that it was loaded then. The judge also reviewed the body camera footage and the victim's recorded report to the police and found her credible. Those findings were reasonable.

Third, Hall raises procedural challenges. He says the sentencing judge disregarded his lifelong drug addiction, his trauma from a past gunshot, and the small amounts of drugs underlying his prior convictions. Plus, Hall argues, the judge put too much weight on his two old aggravated-assault convictions. But Hall did not make most of these arguments below. And the few he did make, the judge reasonably rejected: He considered Hall's drug addiction but discounted its relevance because this was a gun charge. He also rejected Hall's argument that he needed to carry a gun to defend himself.

Fourth, Hall argues that his ten-year sentence was substantively unreasonable. We may presume that his sentence, roughly in the middle of the Guidelines range, is substantively reasonable. *United States v. Pawlowski*, 27 F.4th 897, 912 (3d Cir. 2022). And it is. The judge reasonably considered his tragic childhood. But this was Hall's third conviction for aggravated assault. Even after his first two, he kept possessing guns. Plus, Hall's substantial, previous prison time had not deterred him, and he committed most of his crimes while on parole. So the judge explained that he feared "that [Hall was] going to do this again." App. 75. Indeed, but for the statutory maximum, he would likely have imposed an even heavier sentence. That thoughtful explanation was reasonable too.

Fifth, Hall argues that the Second Amendment bars punishing him for carrying a gun. He cites our recent en banc decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023). But *Range* involved an as-applied challenge to 18 U.S.C. § 924(g)(1) by someone

3

with a single, decades-old conviction of minor welfare fraud. *Id.* at 98–99. Nothing in that decision suggests that it applies to someone with Hall's long, serious criminal history. We see no error, certainly not a plain one.

Finally, Hall tries to challenge the District Court's handling of his right to allocute at sentencing. But he raised the issue belatedly in a second supplemental letter brief, not in his opening brief. He has thus forfeited the issue, and we will not consider it. So we will affirm.